*Exhibits – Exhaustion of Remedy*

A. Grievance 1104872 – From CRCC – Denied
B. Grievance 1104987 – From CRCC – Denied
C. Infraction Appeal – March 22, 2011
D. Appeal to Superintendent Uttecht – CRCC
E. Appeal to John Campbell – Dept Corrections CC41
F. Grievance 1111631
G. Grievance 1111482
H. Grievance 1111627
I. Grievance 1208903
J. Grievance 1204320
K. Official Misconduct Against D. Byrnes
L. Infraction Appeal from 2-22-12 Hearing

(B-4)

LOG I.D. NUMBER
**1104872**



**STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☑ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME:    LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Reed | Matthew | | 339765 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| — | — | — | A-134 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:    STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

I WANT TO GRIEVE: CBCC-G-Unit Counselors Stokes, CO Knode, unknown our G-pod counselor female, and the CPM for 2/18/11 as of 2:00PM. Offending G-Unit staff attempted to convene an FRMT to demote my custody. This FRMT was to take place immediately and without notice or my presence. Per DOC policy I am entitled at least 48 hours notice and the right to be present for the hearing. Additionally it was demanded that I waive these rights on the spot. I refused as no clear answer for the hearing would be provided and none of the staff were my assigned counselor. It was my understanding the hearing would take place per normal scheduling the next week. Staff personel retaliated by filing a administrative segregation order. This is a definitive SUGGESTED REMEDY: violation of power and inmate rights. Further this is not a classification issue but a policy matter under the perview of the grievance system. Investigation of G-Unit Staff for systematic abuse of power along with the acting CPM. All staff involved should be reassigned demoted or terminated.

MANDATORY SIGNATURE? _[signature]_   DATE 2/18/11

---

**GRIEVANCE COORDINATOR'S RESPONSE**

LOCATION CODE B-01   DATE RECEIVED 3/14/11

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on ___
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: ___
☐ No rewrite received. Date: ___

EXPLANATION: The event you describe was not A hearing it was an investigation - you were infracted And your complaint Can be heard through the infraction Appeal

| | INITIAL COMPLAINT OBTS INFORMATION | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 01 | 50 | 311 | 722 | 08 | 08 | 0 3/14/11 | MMClouche |

process



B-4

**LOG I.D. NUMBER** 1104987

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the coordinator. Contact a staff member to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

| NAME:   LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Reed | Matthew | | 339765 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| | | | A-B4 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41128, Olympia WA 98504-1128.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:**

CRCC- AdSeg Policy. Per policy adseg hearings are not appealable under the pretense they are reviewed by the associate or designee. This is inconsistent with Doc primary policy and leaves no room for corrective action or dissemination of information. Hearings Specialist Scilley actively fails to correctly state inmate information, update or hearing reviews with deadlines or continuances and generally acts in an unprofessional manner. The inability to appeal leaves Scilley as the sole controller of information and zero accountability. The associate in this case is forced to act as a near rubber stamp to the hearing specialist and not as an independent reviewer.

**SUGGESTED REMEDY:**

Alteration of CRCC policy to allow appeal of ad seg hearings and placement without the intervention of the hearings specialist.

MANDATORY
SIGNATURE _[signature]_    DATE 3/14/11

---

**GRIEVANCE COORDINATOR'S RESPONSE**

**LOCATION CODE** RO1    **DATE RECEIVED** 3/15/11

Your complaint is being returned because:

☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** This is a classification issue and not grievable. You may address your concerns through Appeal to Supt. or Designee or address your concerns at the classification Reviews.

| | INITIAL COMPLAINT OBTS INFORMATION | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 3/15/11 | _[signature]_ |
| 01 | 50 | 311 | 503 | 08 | 08 | | |

Infraction Appeal
Page 1 of 4
3/22/2011

3-22-2011

Re: Appeal of 506 Threatening another person

   I am appealing the guilty finding of CS Bivani on a 506 infraction. The finding should be overturned as the definition of threatening cannot be met, no evidence suggests a threat to institutional safety and security, the evidence should have been investigated and handled per DoC policy 450.100, mail for offenders, actions were already in progress to address the concerns, and the upholding of the finding undermines DoC policy to encourge outside support and use of mental health.

   Threatening by definition involves the specific action of conveying intent to cause fear, apprehension, or otherwise intimidate an other person. With regard to a 506, this threat must specifically involve harm to an other person, the threatenee, or harm to property or family of the threatenee. All of the evidence collected by CUS Robideau consists of email sent to family, none of whom where threatened or directed to take action that would threaten institutional security or safety. No one offered any evidence or testimony that they had been directly threatened or witnessed anybody directly threatened. The messages presented as evidence are a private communication between willing communicators, and thus are not part of the public record. Even within the messages, there is not one statement in the form of "I will..." commit a certain threatening act. What can be found are beliefs

and opinions of a private discussion. Even if distasteful, or unpopular the US Supreme Court has repeatedly protected hate speech under the first ammendment. None of the evidence shows an intent to create apprehension in another nor does it show the intent to convey that information to a specific party.

Next if we look at class B, level 3 infractions it will be seen that all offenses create an immediate risk to the safety and security of the staff or other offenders. The sending of email does not create a disturbance that would jeopardize security in any fashion. Sending email or messages is part of normal daily activity much like sending out mail via USPS. Further, mail violations, including sending mail in violation of a court order, are class C infractions, not higher level class B issues. Again none of the evidence suggests an immediate threat to safety or security or even any attempt to circumvent or undermine that security.

A major problem with these proceedings, is that they should be governed by DoC policy 450.100, mail for offenders. Per 450.100I.B, DoC does not limit mail based on content if I bear the cost. The policy further expands on this idea in sections III.B and VIII.C. DoC does not censor mail that contains critical opinions of DoC staff or policy. Further it does not restrict publications based on appeal to ethnic, racial, religeous, political, or sexual orientation. Presumably at least the same freedom, if not greater, would be applied to outbound mail. Again, there is no allegation of a threat to security

and safety, or to introduce contraband; this is what DoC has
authority to search mail for-prevention. Should there be a
problem with mail, policy 450.100 defines the protocols that must
be followed by CRCC personel. The evidence submitted was not
rejected in accordance with policy and therefore should be
presumed to be acceptable. Email, like mail, once it has left the
facility is out of DoCs control and should not be retroactively
recoverable. CRCC has the opportunity to restrict all mail before
it leaves the facility and if they choose to restrict it, section
VII. A of policy 450.100 must be followed. At no time have I
been advised of the restriction in accordance with policy and
advised of my right to appeal the mail restriction. Even
if the restriction is ultimately upheld, the mail is to be placed in
a file for 2 years, 450.100 VIII.B.1.b. CRCC personel have
blatently disregarded mail policy, and the evidence submitted
fails to rise to a level that violates 450.100.

Additionally the actions taken in the filing of a 506 infraction
are redundant with action already in progress by CRCC staff member
CC Perry. On February 18, 2011 CC Perry, not my counselor, filed a plan change
to demote my custody to MI-3 based on the sending of inappropriate
jpay messages. The additional filing of Ad Seg orders and an Infraction
are purely unecessary, exceptionally punitive, and serve no real
purpose in maintaining safety and security.

Finally, the upholding of this infraction undermines DoCs

credibility and published opinions on the value of an offender support base. Prison is by nature an ugly, unpleasant, and generally hostile environment. This will undoubtedly foster negative emotions, beliefs, fears, thoughts, which may include depression or other diagnosable illnesses. It is important that these issues be addressed early by supportive family, friends, and possibly mental health personel. This infraction has the effect of silencing such communication and forcing offenders to bottle emotions for fear of repriasal by CRCC staff. Classification and custody personel ignore Mental Health Specialist Ruge's evaluation of my mental state, and thus undermine confidence in the medical staff to assist offenders. CRCC severely damages DoC's credibilty in writing this infraction.

For all of the reasons discussed here both collectively and individually, CS Bivani's guilty finding should be overturned. This would be consistent with the rule of law and the concept that both offenders and DoC staff have responsibilities and limits with regard to their action. DoC has the right and obligation to maintain safety and security, but not the authority to act as thought police in an Orwellian manner.

Please reverse all findings and sanctions on this matter.

Matthew Reed

Matthew Reed 339765      3-22-11

Superintendent CRCC
Mr Jeff Uttect
Coyote Ridge Correctional Center
P.O. Box 769
Connell, WA 99326

March 22, 2011

Re: Ad Seg Confinement

Superintendent Uttecht
I am writing you to appeal my continued placement in
ad seg and to object to the manner in which DOC policy
320.200 is being implemented by CS Scilley and the at least
complicite involvement of Associate Andrewjeski.

On 2/18/11 Lt. Douglas order my segregation citing threat
to self/others/security on form 17-075 as allowed under 320.200
section I.A. However the rationale for the segregation provides no
insight into how myself or others are endangered if I am not
immediately segregated as required by section I.A. There is
no indication that a classification commitee authorized
the segregation. The initial actions appear to be a violation
of AdSeg policy.

Ad Seg Appeal-Sup - 1 of 6

57

the shift commander did ensure that I received the
initial OS-797 and 17-075 as required by section
II. B. This is perhaps the only portion of policy 320.200
that has been adhered to in over 30 days on Ad Seg
Confinement.

On 2/23/11 CS Scilley spoke with me. Per policy this
should have been an informal hearing with the ad seg
classification committee (320.200 III. B) Per policy CS
Scilley presides over the committee (320.200 III. A), but
no one other than CS Scilley was present. There
was certainly no meeting with a committee to
perform this review. Further, if this was to be portrayed
as a hearing, CS Scilley would be obligated to document
all information presented includinging my statements (320.200 III
. E). This information should have been compiled on OS-082,
forwarded to Associate Andrewjeski for review and
returned to me on form OS-092 (320.200 III. L-N). The
comments attributed to me of OS-092 represent little if any
of what was said or discussed with CS Scilley.

By 2/28/11 I should have received form OS-797 showing
the date of the first formal hearing on 3/2/11 and
indicating the dates for the next 8 reviews (320.200

Ⅶ.B-1). This was never and has not been since, presented by CS Scilley or any other staff member.

On 3/2/11, CS Scilley handed me form 05-092 dated for 3/2/11 and electronically signed by both CS Scilley and Associate Andrewjeski. At no time was any attempt made to ensure that I was allowed to be present for the meeting of the classification committee (320.200Ⅶ.D) or to allow me to request witness statements (permitted per form 05-787). The collection of said witness statements being CS Scilley's responsibility (320.200Ⅶ.C,H).

CS Scilley has repeated the same action on 3/9/11 and 3/16/11. Each time the 05-092 form has been presented completed and signed by CS Scilley and Associate Andrewjeski. I have never met with the ad seg hearing committee for classification purpose as defined in 320.200.Ⅶ.A, nor have I met any committee members other than CS Scilley, nor have I been advised of any of the hearing dates apart from 2/23/11, nor have I been allowed to present testimony before being presented with a finalized 05-092 form. Virtually none of 320.200Ⅶ is being followed by CS Scilley and Associate Andrewjeski is signing off on this

process in violation of policy.

I am asking that the following actions be taken:
  1. Immediately release me from Ad Seg.
  2. Immediate release of all offenders who have
     served more than 14 days and are not pending
     transfer to another institution.
  3. A written and signed document to all offenders
     released apologizing for confinement in violation
     of policy and admitting wrong doing by CRCC staff
     in the operation of the Ad Seg unit.
  4. Conduct training for all individuals covered by
     320.200 I.A who can authorize immediate segregation.
  5. Clearly define the Ad Seg classification committee and
     the process they must comply with to meet the requirements of
     320.200.
  6. Have Associate Andrewjeski and/or CPM Murphy audit
     the work of the classification committee bi-weekly
     until it can be satisfied that policy is adhered too.
     This audit should include interviews with offenders to ensure
     full compliance and professionalism.

Forgive me if it feels as though I am telling you how
to do your job. Having been on Ad Seg for over 32

Ad Seg Appeal-Sup-4 of 6

60

days on my first infraction, for which I was only sanctioned with time served, no clear answers from CS Scilley, and no real meeting with a classification committee, I'm deeply concerned that the Ad Seg unit is concentrating an inordinate amount of power on one person, CS Scilley, and that there are no protocols in place to temper that power or provide any degree of accountability.

Prior to having this appeal completed, CS Scilley convened a hearing, again without notice and consisting of only himself. On 3/23/11 CS Scilley continued to disregard 320.200 IV protocols for continued Ad Seg placement. These violations also conflict with WAC 137-32-015 which closely mirror DoC policy. Further CS Scilley failed to provide any substantiated reason beyond his own unmonitored opinion as to why I should remain on Ad seg, and how he justified recommending an IMU program for a first infraction in which no direct attempts to violate safety and security where documented. CS Scilley even proceeded to tell me that holding political and religious beliefs in Karmic justice against the injust constitutes a criminal behavior in violation of standing US Supreme Court Opinion on free speech. CS Scilley also indicated that DoC could hold and censor any political idea or religious belief discussed

Ad Seg Appeal-Sup-5 of 6

with family without bounds or limitations. This is inconsistent with DoC policy 450.100, mail for offenders.

CS Scilley continued holding of myself in AdSeg is not consistent with the recommendations of CS Biviano who conducted the disciplinary hearing. I am presently MI-2, with only the most recent infraction on record. I have no history of institutional violence, I have no history of problems with unit staff beyond petty disagreements we worked out or dropped without incident. I have been making progress with mental health, albeit slow, and I'm waiting for some job opportunity here to pass the time. There is little more I can do to comply with DoC policy, maintain contact with my limited support base, and overcome my own mental health problems. CS Scilley's recommendation and Associate Andrewjeski's affirmation for an IMU program seems excessive, but consistent with the running of Ad seg beyond policy and protocol.

An appeal to Associate Andrewjeski on CS Scilley's conduct was filed on 3/17/11 and has generated no response.

Thank you for your time,

Matthew Reed    339765
Matthew Reed        unit A 84 CRCC

Ad seg Appeal-Sup- 6of 6

62

John Campbell
Classification Appeals
Department of Corrections
7345 Linderson Way sw
Olympia, WA 98501

March 24, 2011

Re: Classification Reccommendation to IMS

Mr Campbell—
    I am writing to appeal the reccomendation of
CS Scilley, Ad Seg hearings officer for CRCC, to demote me
to IMS for a program from minimum-camp status. CS
Scilley's reccommendation is inconsistent with my record,
not supported by other staff who have interacted directly
with me, and approves of ignoring DoC policy designed to
protect inmates and preserve safety and security.
    My record shows that I have 67 custody points, that
I have been approved for camp, and that I have no
infraction history apart from the 506 on which this
action is predicated. Even losing 10 points for the current
infraction would leave me at 57 points and minimum
custody. CS Scilley is attempting to make my private

Classification Appeal page 1 of 4

messages to my wife and mother appear as a grand threat to DoC. There's no cooberating evidence to support this view. Not one person has testified that they have been threatened or intimidated by me. The only evidence are a few emessages containing unpopular opinions and beliefs.

Regarding other staff, CUS Robideau, CC Rickard, CC Perry CC Stokes, and CC Branson promoted me to MI 2 on 12/13/11. This promotion was done with full knowledge of my mental health status. Mental health specialist Ruge has seen me regularly and noted that I am note an immediate threat to any one, myself included, and that I have been mellowing with time. CC Rickard has been kept aware of my mental state and found no reason to take punitive action. CUS Robideau wrote the 506 infraction, but has made no request to have me removed from the unit, demoted, or otherwise sanctioned. CC Perry and CPM McDonell using the same information on which CUS Robideau wrote the 506, requested only a demotion to MI3 as filed on 2/18/11 in a plan change. The plan change has not been finalized by Associate Andrewjeski. Discipline hearings officer CS Biviano found no reason to sanction me beyond time served in Ad Seg, and even found 27 days excessive. CC Harman seems confused and can offer me no insight into CS Scilley's reccomendation. He

would have preferred to take me on pre hearing confinement on 3/11/11 and return me to my unit on 3/16/11 following the disciplinary hearing. No other staff at CRCC seem to believe that a four step demotion and IMU program are appropriate for the security risk, or lack of security risk, that I pose.

CS Scilley has also disregarded DoC policy 320.200 on Administrative Segregation. I received notice of a hearing on 2/23/10. I have received no other hearing notices, have never met the ad seg classification committee, nor have I been allowed to call any witnesses as required by DOC 320.200 III and WAC 137-30-015. CRCC staff also placed me on immediate Ad Seg status, but failed to document or prove any imminent harm as required by 320.200 I. All accusations are vague and unsubstantiated on record.

The whole of evidence for this 506 infraction revolves around e messaging on the Jpay system. This system is governed by DoC 450.100, mail policy for offenders, and has been totally ignored by DoC-CRCC staff. None of my messages have be restricted in accordance with policy. Rather all messages have passed without restriction. There are no allegations that I was importing contraband or creating a risk to institutional safety and security; nor are there any allegations purporting an attempt or conspiracy to cause these events.

I have filed appeals detailing these issues and more

classification Appeal page 3 of 4

with Associate Bailey, Associate Andrewjeski, and Superintendent Uttecht as appropriate. These issues have also been raised by myself to CS Scilley, but he plows ahead reccomending an IMU program for emails that CS Biviano determined might be threatening if they were delivered to certain people. This includes the fact that the threats alledged are impossible to carry out, the victims inaccessible, the fanciful nature of the threats, no history of harm on my part, and no statement of an explicit desire to carry out the alledged threatening action.

CC Perry's reccomendation to hold me at MI3 for mental health monitoring until my next review is adequate. I am asking that more reasonable and rationale heads prevail and see the excessive nature CS Scilley's IMU reccomendation. No staff has been directly threatened, and I pose no risk to safety and security beyond needing a little mental health care. Please send me back to my MI3 unit where I can return to drinking coffee, playing games, and reading to pass the time. I have no desire to be transfered or moved units, I would like some stability and consistancy.

Sincerely

Matthew Reed

Matthew Reed 339765

Unit A B4 CRCC

*Classification Appeal : page 4 of 5*

66

LOG I.D. NUMBER
111163l

CONFIDENTIAL


**Department of**
**Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial Grievance   ☐ Emergency Grievance   ☐ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** Complaints must be filed within 20 days of the incident. Appeals must be filed within 5 days of receiving the response. Include log ID # of response being appealed.

| Name:   Last | First | Middle | DOC Number |
|---|---|---|---|
| Reed | Matthew | | 334765 |
| Program Assignment | Work Hours | Facility/Office | Unit/Cell  N 13.3.3 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:**
DoC Policy 460.000 and 350.100. Policy fails to provide a time line or guidance for when sanctions must be imposed. This creates an blind environment of apprehension for inmates without imposing adequate requirements on staff.

**SUGGESTED REMEDY:**
Policy needs to be ammended to reflect that sanctions must be imposed within a set time, or DoC forfeits the right to impose sanctions for intractions. All sanctions should begin with 72 hours of the infraction hearing.

Mandatory _____ 5/31/11
           Signature        Date

| GRIEVANCE COORDINATOR'S RESPONSE | Location Code  P61 | Date Received  6/3/11 |
|---|---|---|
| Your complaint is being returned because: | | |

☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received.  Date: _____

**EXPLANATION:** Policy 460.000 is based on WAC 137-28-250 #4 and

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| 01 | 02 | 801 | 650 | 08 | 08 | 6/10 | R Archer |

LOG I.D. NUMBER

*111631*



**STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE    ☐ EMERGENCY GRIEVANCE    ☑ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** <u>Complaints</u> must be filed within <u>20 days</u> of the incident. <u>Appeals</u> must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| REED | Matthew | | 339765 |
| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL N B33 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:**

AHCC for DOC Policy 460.000 + 350.100

Doc Policy fails to provide definitions or guidance with regard to interpretation of WAC 137-28-250. It is not possible to comply with DOC policy in a knowledgeable manner. Specifically undefined, is the word "threatening". AHCC refuses to use any established or recognizable definitions to this word. This makes it impossible to criticize or converse with another without possibly running afoul of a vague and ambiguous policy.

**SUGGESTED REMEDY:**

DOC must establish a core definition and base line evidences requirements for all major infractions in black and white terms.

MANDATORY SIGNATURE *Matthew Reed*    DATE 6/21/11

---

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:
☑ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

LOCATION CODE P61    DATE RECEIVED 6/24/11

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: *This issue remains not grievable. Do not resubmit.*

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 6-27-11 | C.S. *signature* |
| | | | | 08 | 08 | | |

Case 2:13-cv-00081-JPH   Document 1-4   Filed 02/26/13



LOG I.D. NUMBER
1111482

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE   ☐ EMERGENCY GRIEVANCE   ☐ APPEAL TO NEXT LEVEL

RESIDENTIAL FACILITIES: Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

NOTE: Complaints must be filed within 20 days of the incident. Appeals must be filed within 5 days of receiving the response. Include log ID # of response being appealed.

| NAME: LAST REED | FIRST Matthew | MIDDLE | DOC NUMBER 339765 |
|---|---|---|---|
| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL N 333 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:**

AHCC-Mailing: Regarding a JPay Messages).
Mailing restricted a message sent on 5/10, but failed to provide notice until 5/31 or later. No form 05-525 was provided as required per policy 450.100.VII.A. Further, notice did not include to guaranteed right and notice for appeal. Infact all of 450.100.VII.A.2-3 was violated. JPay policy also addresses messages should be sent out in 48-72 hours. This was clearly not done, nor notices and mandated appeals processed as required when my first notice takes over 20 days. No reason provided meets 450.100.I.13's requirements for restriction and is causing censorship of political and religious beliefs. Both policy and the established WAC are being violated.

SUGGESTED REMEDY: DoC needs to follow policy and treat e-messages like USPS mail for content purposes. Mail must be established as a clear and unique line that is "outside," the facility. Restriction for "penological" purposes is ambiguous at rest and with explicit directives. Censorship based on offensive items cannot be permitted.

MANDATORY SIGNATURE Matthew Reed   DATE 6/3/11

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

LOCATION CODE P01   DATE RECEIVED 6/8/11

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION:

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 6-15-11 | C. ___ |
| 01 | 50 | 587 | 391 | 08 | 05 | | |

69

**LOG I.D. NUMBER** 111482

CONFIDENTIAL



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☒ INITIAL GRIEVANCE ☐ EMERGENCY GRIEVANCE ☐ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** Complaints must be filed within 20 days of the incident. Appeals must be filed within 5 days of receiving the response. Include log ID # of response being appealed.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| REED | Matthew | | 339265 |

| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
|---|---|---|---|
| | | | N B33 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:**

AHCC-Mailing: Regarding JPay messages.

Mailing restricted a message sent on 5/10, but failed to provide notice until 5/31 or later. No form 05-525 was provided as required per policy 450.100.VII.A. Further notice did not include to guaranteed right and notice for appeal. In tact all of 450.100.VII.A.2-3 was violated. JPay policy also addresses messages should be sent out in 48-72 hours. This was clearly not done, nor notices and mandated reason provided meets 450.100.I.13's requirements for restriction and is causing censorship of political and religious beliefs. Both policys and the established WAC are being violated.

**SUGGESTED REMEDY:**

DoC needs to follow policy and treat e messages like USPS mail for content purposes. Mail must be established as a clear and unique line that is "outside" the facility. Restriction for "penological" purposes is ambiguous at must comply with explicit directives. Censorship based on offensive ideas cannot be permitted.

**MANDATORY SIGNATURE** Matthew Reed **DATE** 6/3/11

| GRIEVANCE COORDINATOR'S RESPONSE | LOCATION CODE P01 | DATE RECEIVED 6/8/11 |
|---|---|---|

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☒ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION:

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 6-15-11 | C. _____ |
| A1 | 50 | 587 | 291 | A8 | BS | | |



CONFIDENTIAL

LOG I.D. NUMBER
1111482

Department of
**Corrections**
WASHINGTON STATE

*Re-write*
**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial Grievance    ☐ Emergency Grievance    ☐ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:**    Complaints must be filed within <u>20 days</u> of the incident.  Appeals must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| Name:    Last | First | Middle | DOC Number |
|---|---|---|---|
| REED | Matthew | | 339765 |
| Program Assignment | Work Hours | Facility/Office | Unit/Cell N 1333 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:  STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:** AHCC - Mailing with regard to JPay message monitoring. On 5/10 Mailing restricted an outbound JPay message without notice and proceeded to implement the infraction process. The process followed by mailing failed to follow all requirements of DOC 450.100 regarding notification and appeals of restricted mail, and JPay mail. Further no part of mailing policy allows for the immediate use of the infraction process to censor mail of racial, political, ethnic, or other protected speech items.

~5/31 or 6/1 mailing provided notice of the restriction (20+ days late) in violation of policy, the JPay user agreement, and what appears to be retaliatory or political cover up from the originating violations by AHCC staff.

**SUGGESTED REMEDY:**
Mailing must establish protocols for restriction of JPay messages that are consistent with USPS mail protocols. This will facilitate minimal outbound searches and provide maximum protection to speech inbound and outbound. Ugly, hateful, hurtful, or generally offensive content is not grounds for restriction by policy.

Mandatory Signature *Matthew Reed*    Date 6/16/11

| GRIEVANCE COORDINATOR'S RESPONSE | Location Code P01 | Date Received 6/17/11 |
|---|---|---|

Your complaint is being returned because:
☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received.  Date: _____

**EXPLANATION:** Because you were infracted, you must use that appeal process.

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |

71

LOG I.D. NUMBER

1111482



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

CONFIDENTIAL

**OFFENDER COMPLAINT**

**CHECK ONE:** ☐ INITIAL GRIEVANCE   ☐ EMERGENCY GRIEVANCE   ☑ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** Complaints must be filed within 20 days of the incident. Appeals must be filed within 5 days of receiving the response. Include log ID # of response being appealed.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| REED | Matthew | | 339765 |
| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL N 1333 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|

**I WANT TO GRIEVE:**

AHCC on appeal of 1111482 - Denial of the appeal due to the infraction is improper. By denying the grievance of staff misconduct on the initial mailing issue, the grievance department is greenlighting total ignorance of full policies if an infraction is created. This essentially renders all policies meaningless and absolves staff of being required to follow policy designed to facilitate inmate rights. The creation of an infraction shall not excuse or allow for the mandated following of policy. Regardless of the infraction, AHCC mailing ignored the entire appeal and restriction process defined in Policy 450.100 and backed by a WAC. Nothing, even infractions, all this policy to be disregarded and ignored.

**SUGGESTED REMEDY:**

AHCC mailing needs to be forced to comply with policy and have all procedures followed. Mailing must make its case under mail policy. It Failed.

MANDATORY

SIGNATURE   Matthew Reed      DATE 6/23/11

---

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:
☑ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

| LOCATION CODE P01 | DATE RECEIVED 6/24/11 |
|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** This is to appealed through the infraction appeal process.

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |
| | | | | 08 | 08 | 6-27-11 | C.S. _____ |

72

LOG I.D. NUMBER
111627



**Department of**
# Corrections
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:** ☒ Initial Grievance   ☐ Emergency Grievance   ☐ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened, when, where,</u> and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** Complaints must be filed within 20 days of the incident. Appeals must be filed within 5 days of receiving the response. Include log ID # of response being appealed.

| Name:    Last | First | Middle | DOC Number |
|---|---|---|---|
| REED | Matthew | | 339265 |
| Program Assignment | Work Hours | Facility/Office | Unit/Cell |
| | | | IN 333 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:** AHCC - Infraction Hearings and Appeals, including the Superintendents office.

On 5/30/11 I submitted a major infraction Appeal to Sgt Grimes. This appeal was logged and a receipt given. Per policy 460.000, appeals must be answered within 10 days. As of 6/16/11 no response has been received. This exceeds both 10 calendar and 10 working days. Policy regrettably fails to define defaults for AHCC deficiencies of missed deadlines as it does for inmates failures. Nor does it provide a 2nd tier appeal process. No further infraction appeal is established.

**SUGGESTED REMEDY:**
Modify policy to require that failure to respond to infraction appeals results in the automatic granting of the appeal (AHCC forfeits the right to enforce infractions). This should result in multiple infraction dismissals.

Mandatory _Matthew Reed_   6/16/11
              Signature                              Date

| **GRIEVANCE COORDINATOR'S RESPONSE** | Location Code   POL | Date Received   6/17/11 |
|---|---|---|
| Your complaint is being returned because: | | |

☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** Your appeal was answered on 6/21/11. If you would like another copy of this appeal response, you must go through public disclosure.

| | INITIAL COMPLAINT OBTS INFORMATION | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |

73

**LOG I.D. NUMBER**
1111627



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

*Initial response received 7/8/11*

CHECK ONE: ☐ INITIAL GRIEVANCE   ☐ EMERGENCY GRIEVANCE   ☒ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved.  Be as brief as possible, but include the necessary facts.  A formal grievance begins on the date the typed grievance forms are signed by the Coordinator.  Contact staff to report an emergency situation or to initiate an emergency grievance.  Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** | Complaints must be filed within <u>20 days</u> of the incident.  Appeals must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| NAME: | LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|---|
| | REED | Matthew | | 339765 |
| PROGRAM ASSIGNMENT | | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
| | | | | IV 1333 |

COMMUNITY SUPERVISION: Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE**

AHCC – Infraction Hearings, Appeals, Superintendent Miller Stout and the Grievance Coordinator.

Per policy, infraction appeals must me answered in 10 days. This policy was specifically violated by AHCC personell and appears to be covered up in a far reaching conspiracy of staff. Failure to conform to policy was confirmed by AHCC grievance staff. The appeal was duly filed on 5/30/11 and not answered till 6/21/16 This is a black and white violation of DOC policy by AHCC staff. This is a grievable issue on policy grounds (turn this sheet over for confirmation).

**SUGGESTED REMEDY:**

Policy must apply equally to inmates and staff. Double standards render all policy meaningless. AHCC must lose its right to enforce infractions when policy is violated as was done here.

**MANDATORY**
SIGNATURE  *Matthew Reed*   DATE 7/9/11

---

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:

☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

| LOCATION CODE | DATE RECEIVED |
|---|---|
| P01 | 7-12-2011 |

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:**

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 7-13-2011 | CS *[signature]* |
| | | | | 08 | 09 | | |

74

JB36

CONFIDENTIAL

LOG I.D. NUMBER
**1111627**

**Department of**
**Corrections**
WASHINGTON STATE

**LEVEL 1–INITIAL GRIEVANCE**
**NIVEL 1-QUEJA INICIAL**

| Name:<br>NOMBRE: | Last<br>APELLIDO<br>REED | First<br>PRIMERO NOMBRE<br>MATTHEW | Middle<br>2DO NOMBRE | DOC Number<br>NUMERO DOC<br>339765 | Facility/FACILIDAD<br>AHCC | Unit/Cell<br>UNIDAD/CELDA<br>NB33 |
|---|---|---|---|---|---|---|

| Community Corrections Office<br>OFICINA DE CORRECCIONES EN LA COMUNIDAD | Date Typed<br>FECHA ESCRITA<br>7/14/11 | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | Remedy/REMEDIO<br>08 | Resolution/RESOLUCION<br>04 | Pending/PENDIENTE |

| PART A – INITIAL GRIEVANCE/PARTE A - QUEJA INICIAL | Response due/Respuesta-requerida en    7/29/11 |
|---|---|

**I WANT TO GRIEVE:** AHCC infraction hearings appeals, Superintendent Miller-Stout, and the Grievance Coordinator. Per policy infraction appeals must be answered in 10 days. This policy was specifically violated by AHCC personnel and appears to be covered up in a far reaching conspiracy and staff. The appeal was duly filed on 5/30/11 and not answered until 6/21/11. This is a black and white violation of DOC policy by AHCC staff. This is a grievable issue on policy grounds turn this sheet over for confirmation).

**SUGGESTED REMEDY:** Policy must apply equally to inmates and staff. Double standards render all policy meaningless. AHCC must lose its right to enforce infractions when policy is violated as was done here.

| /s/ C. Fitzpatrick | 7/15/11 | /s/ Reed, Matthew | 7/15/11 |
|---|---|---|---|
| Grievance Coordinator Signature<br>FIRMA DE COORDINADOR DE QUEJAS | Date<br>FECHA | Grievant Signature<br>FIRMA DE QUEJANTE | Date<br>FECHA |

| PART B – LEVEL I RESPONSE/PARTE B RESPUESTA PRIMER NIVEL |
|---|

Your appeal was logged out of the unit on 5/30/11. The Hearings Department sent out for appeal on 6/10/11. They received the appeal back on 6/21/11. You have received your appeal. This delay of one day is not unreasonable.

| C. Fitzpatrick | CF | 7/26/11 |
|---|---|---|
| Grievance Coordinator Signature<br>COOINADOR DE QUEJAS | | Date<br>FECHA |

You may appeal this response by submitting a written appeal to the coordinator within five (5) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

Distribution:   Grievance Program Manager-Gerente del Programa de Quejas       Grievance Coordinator-Coordinador de Queja

75

GRIEVANCE COORDINATOR
CONFIDENTIAL

**LOG I.D. NUMBER**
**1111627**



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**APPEAL TO LEVEL II**
**APELACIÓN AL 2DO NIVEL**

| Name: NOMBRE: | Last APELLIDO | First PRIMERO NOMBRE | Middle 2DO NOMBRE | DOC Number NUMERO DOC | Facility/ FACILIDAD | Unit/Cell UNIDAD/CELDA |
|---|---|---|---|---|---|---|
| | REED | MATTHEW | | 339765 | AHCC | NB33 |

| Community Corrections Office OFICINA DE CORRECCIONES EN LA COMUNIDAD | Date Typed FECHA ESCRITA 8/8/11 | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | Remedy/REMEDIO 08 | Resolution/RESOLUCION 04 | Pending/PENDIENTE |

**PART A – APPEAL TO LEVEL II/PARTE A-APPELCIÓN AL 2DO NIVEL**    Response due/Respuesta-requerida en    9/6/11

**I WANT TO APPEAL:** AHCC continues to deny responsibility to comply with DOC policy regarding infraction appeals. Per policy, a response must be returned in 10 days. Time begins at the time and date of logging, not on a delayed schedule of collection. Policy is clear that responses are 10 days, not 10 days plus one, not 10 days from when its requested from the Unit. Attempts to mitigate failure to comply show intent to disregard policy, intent to subvert inmate rights, and an absolute willful disregard of standards and practices. Appeal was submitted on 5/30/11 and not responded to until 6/21/11, this is blatant disregard of applicable policy.

**SUGGESTED REMEDY:** AHCC loses the right to enforce infractions and appeal is granted by default.

| /s/ C. Fitzpatrick | 8/8/11 | /s/ Matthew Reed | 8/8/11 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

**PART B –LEVEL II RESPONSE/PARTE B RESPUESTA 2DO NIVEL**

Your level II grievance was investigated by D. Byrnes. You were interviewed on 08/23/11 pertaining to your concerns regarding the timeframes of your appeal response. Your appeal pertaining to the sanctions you received on your 506 and 663 infractions was received by the Hearings Department at AHCC on 06/10/2011. The appeal was conducted, affirmed and an appeal response was completed with a copy sent to you on 06/21/2011.
Subsequently, I do not find that these timeframes are unreasonable and fall within the WAC 137-28-400 guidelines which states, "The time limitations expressed in these regulations are not jurisdictional and failure to adhere to any particular time limit shall not be grounds for reversal or dismissal of a disciplinary proceeding."

| | 8/29/21 |
|---|---|
| Superintendent, Work Release Supervisor, Field Administration Signature SUPERINTENDENTE | Date FECHA |

You may appeal this response by submitting a written appeal to the coordinator within cinco (5) working days from date this response was received. Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.

| | LOG I.D. NUMBER |
|---|---|
| | **1111627** |



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**APPEAL TO LEVEL III**
**APELACIÓN AL 3ER NIVEL**

| Name: NOMBRE: | Last APELLIDO REED | First PRIMERO NOMBRE MATTHEW | Middle 2DO NOMBRE | DOC Number NUMERO DOC 339765 | Facility/ FACILIDAD AHCC | Unit/Cell UNIDAD/CELDA NB33 |
|---|---|---|---|---|---|---|

| Community Corrections Office OFICINA DE CORRECCIONES EN LA COMUNIDAD | Date Typed FECHA ESCRITA 9/9/11 | PART B – OBTS INFORMATION INFORMACION DE OBTS | | |
|---|---|---|---|---|
| | | Remedy/REMEDIO | Resolution/RESOLUCION | Pending/PENDIENTE |

**PART A – APPEAL TO LEVEL III/PARTE A - APPELCIÓN AL 3ER NIVEL**    Response due/Respuesta-requierida en

**I WANT TO APPEAL:** AHCC - Disciplinary Personnel and Administrative Staff for the on-going issues of complaint 1111627. AHCC has admitted they violated DOC Policy on my infraction appeal, but refuses to correct the errors and attempts to justify actions contrary to policy. Policy is clear on timelines. There is no excuse for missing deadlines. Waiver in the guise of "not unreasonable" renders the policy and protections meaningless. Policy must be applied to staff and inmates alike if it is to hold any form of credence. When policy states 10 days for appeals, it means 10 days, not 22 days. Further, reviewer D. Byrnes participated in the original infraction, violated time lines, then affirmed continued violation of policy mandated time lines on this grievance. At a minimum D. Byrnes has a conflict of interest in participating in this procedure. DOC chose a policy more strict than the WAC to govern their conduct; they should be bound by it.

**SUGGESTED REMEDY:** Dismissal of the infraction for prejudicial conduct, compensatory and punitive damages.

| /s/ C. Fitzpatrick | 9/12/11 | /s/ Matthew Reed | 9/12/11 |
|---|---|---|---|
| Grievance Coordinator Signature FIRMA DE COORDINADOR DE QUEJAS | Date FECHA | Grievant Signature FIRMA DE QUEJANTE | Date FECHA |

**PART B – LEVEL III RESPONSE/PARTE B RESPUESTA 3ER NIVEL**

| OCO Deputy Secretary/Designee SUBSECRETARIO DE LA OCO/DESIGNADO | Date FECHA |
|---|---|

77

*Reply received, appeal was due on 9/6/11 - a federal holiday.*



**GRIEVANCE COORDINATOR**
**CONFIDENTIAL**

**LOG I.D. NUMBER**
111627

**Level III**
**OFFENDER COMPLAINT**

Department of
**Corrections**
WASHINGTON STATE

**CHECK ONE:** ☐ Initial Grievance ☐ Emergency Grievance ☒ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:** <u>Complaints</u> must be filed within <u>20 days</u> of the incident. <u>Appeals</u> must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| Name: Last | First | Middle | DOC Number |
|---|---|---|---|
| Reed | Matthew | | 339765 |

| Program Assignment | Work Hours | Facility/Office | Unit/Cell |
|---|---|---|---|
| Ed M-F 12:45-3:45 | | | N133 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:** AHCC - Disciplinary personnel and administrative staff for the on going issues of complaint 111627. AHCC has admitted they violated DOC policy on my infraction appeal, but refuses to correct the errors and attempts to justify actions contrary to policy. Policy is clear on timelines, there is no excuse for missing deadlines. Waiver under the guise of "not unreasonable" renders the policy and protections meaningless. Policy must be applied to staff and inmates alike if it is to hold any form of credence. When policy states 10 days for appeals it means 10 days, not 22 days. Further reviewer D. Byrnes participated in the original infraction, violated

~~**SUGGESTED REMEDY:**~~ time lines then, affirmed continued violation of policy mandated time lines on this grievance. At a minimum D.Byrnes has a conflict of interest participating in this procedure. DOC chose a policy more strict than the WAC to govern their conduct, they should be bound by it.

remedy: Dismissal of the infraction for Prejudicial conduct, compensatory and punitive damages

| Mandatory Signature | Date |
|---|---|
| *Matthew Reed* | 8-31-11 |

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:
☐ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

| Location Code POI | Date Received 9/2/11 |
|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** This has been administratively withdrawn. This grievance was accepted in error and should have been deemed "non grievable" due to it pertaining to a W.A.C.

| INITIAL COMPLAINT OBTS. INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | | |

78

LOG I.D. NUMBER
1208903

GRIEVANCE COORDINATOR
CONFIDENTIAL
B33

**Department of Corrections**
WASHINGTON STATE

**OFFENDER COMPLAINT**

**CHECK ONE:** ☑ Initial Grievance   ☐ Emergency Grievance   ☐ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened, when, where,</u> and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:**   Complaints must be filed within <u>20 days</u> of the incident.   Appeals must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| Name:   Last | First | Middle | DOC Number |
|---|---|---|---|
| Reed | Matthew | | 339785 |
| Program Assignment | Work Hours | Facility/Office | Unit/Cell |
| | | | N1B33 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:** ALFCC- CC3 McDonald N-Unit

CC3 McDonald was appointed as a staff Advisor under WAC 137-28 and DOC Policy 460.000. McDonald failed to have any knowledge of the infraction to which he was advising, failed to have copies of any incident report or which to advise, failed to answer any questions except to defer to an attorney. He further condoned CUS Stockwell's bias on allowing legal copies for and against actions of staff at this facility in violation of U.S.C. §1983 and the associated case law. McDonald acted not an advisor, but as a prosecutor for the hearings board. He showed no degree of impartiality or clue as to the procedure.

**SUGGESTED REMEDY:**

Demotion of McDonald to CC2, full investigation for all cases he has been a staff advisor, retraining in Policy and procedure for being an advisor. Full dismissal of the infraction for due process violations and failure to comport with policy.

Mandatory   Signature *Matthew Reed*   Date 4/20/12

**GRIEVANCE COORDINATOR'S RESPONSE**

Your complaint is being returned because:
☑ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____.
☐ The formal grievance/appeal paperwork is being prepared.

| Location Code | P01 | Date Received | 4/23/12 |
|---|---|---|---|

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received.  Date: _____

**EXPLANATION:** You can address your infraction issues in your appeal.

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 4-23-12 | CS *Krober* |

79

**LOG I.D. NUMBER**
1204320

GRIEVANCE **B33L**



**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**OFFENDER COMPLAINT**

CHECK ONE: ☐ INITIAL GRIEVANCE, ☐ EMERGENCY GRIEVANCE, ☒ APPEAL TO NEXT LEVEL

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through proper staff before initiating a grievance.

**NOTE:** Complaints must be filed within 20 days of the incident. Appeals must be filed within 2 days of receiving the response. Include log ID # of response being appealed.

| NAME: LAST | FIRST | MIDDLE | DOC NUMBER |
|---|---|---|---|
| Reed | Matthew | | 339765 |
| PROGRAM ASSIGNMENT | WORK HOURS | FACILITY/OFFICE | UNIT/CELL |
| | | | NB 33 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

I WANT TO GRIEVE: AHCC—Staff for the professional misconduct of CS3 Donna Byrnes. As originally noted CS Byrnes conduct a disciplinary hearing in an unprofessional manner. Such was the unprofessionalism that CS Byrnes violated DOC 460.000, WAC 137-28-290, WAC 137-28-300. Infraction and appeal issues aside CS Byrnes is obligated to follow policy and the governing law. By violating these standards CS Byrnes commits staff misconduct and Professional misconduct under the RCWs. By denying this as a grievable issue, and misconduct is grievable per this form, AHCC grievance staff are granting other personal carte blanche to violate any and all rules so long as they can conduct some infraction inquiry

SUGGESTED REMEDY: and thus prohibits due process.

Policy must be established to govern the conduct of hearings officers and ensure inmate rights. Further CS Byrnes should be terminated for cause with a full audit of all infractions retroactive one year by an independent third party. I'm requesting a protective order applying to all AHCC and DOC staff.

MANDATORY SIGNATURE _[signature]_   DATE

| GRIEVANCE COORDINATOR'S RESPONSE | LOCATION CODE P01 | DATE RECEIVED 3/2/12 |
|---|---|---|

Your complaint is being returned because:
☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

EXPLANATION: Remains non grievable.

Sent to HQ for Review on 3/5/12

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 3-5-12 | CS _[signature]_ |



**Department of**
# Corrections
WASHINGTON STATE

**OFFENDER COMPLAINT**

LOG I.D. NUMBER
1204320

.CHECK ONE: ☒ Initial Grievance   ☐ Emergency Grievance   ☐ Appeal to Next Level

**RESIDENTIAL FACILITIES:** Send all completed copies of this form to the Grievance Coordinator. Explain <u>what happened</u>, <u>when</u>, <u>where</u>, and <u>who</u> was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact staff to report an emergency situation or to initiate an emergency grievance. Please attempt to resolve all complaints through appropriate staff before initiating a grievance.

**NOTE:**   Complaints must be filed within <u>20 days</u> of the incident.  Appeals must be filed within <u>5 days</u> of receiving the response. Include log ID # of response being appealed.

| Name:    Last | First | Middle | DOC Number |
|---|---|---|---|
| Reed | Matthew | | 339765 |
| Program Assignment | Work Hours | Facility/Office | Unit/Cell NB33 |

**COMMUNITY SUPERVISION:** Send all completed copies of this form directly to: Grievance Program Specialist, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS:   STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE NUMBER |
|---|---|---|---|
| | | | |

**I WANT TO GRIEVE:** AHCC Staff - CS3 Donna Byrnes - On 2/22/12 CS Byrnes was to conduct a hearing. As part of the hearing I inquired as to the Due Process proceedings regarding the infraction. Ms. Byrnes refused to hear the questions, refused to provide answers to the specific question, but continued to ask if I had questions. Ultimately she excused me without a statement or any resolution for asking about the process guaranteed under DOC Policy 460.000. This effectively denied me due process to the infraction system, including making a statement on my behalf and amounts to seizure

**SUGGESTED REMEDY:** of the process in violation the WAC.

Any finding except full dismissal on the infraction must be dismissed as a violation of process and staff misconduct. Full review of CS Byrnes for abuse of position and investigation for professional misconduct. Policy must be addressed to solve procedural issues on infractions.

Mandatory    Signature _Matthew Reed_    Date 2/22/12

| **GRIEVANCE COORDINATOR'S RESPONSE** | Location Code P01 | Date Received 2/22/12 |
|---|---|---|

Your complaint is being returned because:
☒ It is not a grievable issue.
☐ You requested to withdraw the complaint.
☐ You failed to respond to callout sheet on _____.
☐ The formal grievance/appeal paperwork is being prepared.

☐ The complaint was resolved informally.
☐ Additional information and/or rewriting is needed.
(See below.) Return within five (5) days or by:
Due Date: _____
☐ No rewrite received. Date: _____

**EXPLANATION:** Non grievable. You can address your infraction issues in your appeal.

| INITIAL COMPLAINT OBTS INFORMATION | | | | | | DATE OF RESPONSE | COORDINATOR'S SIGNATURE |
|---|---|---|---|---|---|---|---|
| TYPE | CATEGORY | AREA | SPEC | REMEDY | RESOLUTION | 2-24-12 | CS _Calwell_ |

DOC 05-165 Front (Rev. 01/28/10)    DOC 310.100, DOC 550.100

81

# OFFICIAL MISCONDUCT COMPLAINT

**TO:**   Office of the Secretary
Washington State DOC
P.O. Box 41100
Olympia, Washington 98504

**FROM:** _Matthew Reed_   _1339765_
                Name                        DOC#

---

**Pursuant To:** RCW 72.01.060, "The secretary shall investigate all complaints made against the chief executive officer, of any institution and also any complaint against any other officer or employee."

**Pursuant To:** RCW 9A.80.010, "Official Misconduct; (1) A public servant is guilty of Official Misconduct if, with intent to obtain a benefit, or to deprive another person of a lawful right or privilege: (a) He intentionally commits an unauthorized act under color of law; or (b) He intentionally refrains from performing a duty imposed upon him by law. (2) Official Misconduct is a gross misdemeanor."

## COMPLAINT DETAILS

Name of officer(s) or employee(s) being reported:
_CS3 - Donna Byrnes - Airway Heights Correctional Center_

---

Date of incident leading to this complaint:   _Feb 22, 2012_

Facility location where incident occurred: _Airway Heights Correction Center_

Facts involved in the complaint (and witnesses): (attach additional page if necessary)
_CO Rassier - AHCC_
_Disciplinary Hearing Audio Recording_
_See Attached._

I, _Matthew Reed_            , am over the age of majority and am also a U.S. citizen competent to testify and herein attest under penalty of perjury that all statements contained herein is the absolute truth.

Dated this _22_ day of _February_, 20_12_.

                                        _Matthew Reed_
                                        Complainant's Signature

On Feb 22, 2012 CS3 Donna Byrnes conducted a disciplinary hearing. However, WAC 137-28-290 was violated at numerous times beforehand. Specifically prepared was DOC form 17-069 which did not comport with DOC policy 460.000, and is required under 137-28-290 (2)(f). Also violated is section (6) requiring a hearing within seven (7) working days. The alleged infraction occured on 1/24/12, well outside the allowed range.

Near the inception of the hearing CS Byrnes inquired as to questions regarding the process. At this time I brought out the deficiency of the filing and the document preparation. CS Byrnes became aggitated, irrate, and proceeded into a tirade of unproffessionalism about how she would be the one investigating the charge and conducting the hearing. Per WAC 137-28-300 (3) I am allowed to refute and rebut the documentation against me. Part of that rebuttle is inherantly the process by which it is prepared and the steps taken to bring about the hearing. The content and accuracy when matched to the infraction codes is another part of the rebuttle. CS Byrnes, in irritation and vindictive action excused me from the hearing for raising issues of due process and proceedure.

Per WAC 137-28-300(2) I shall be at all stages of the hearing. By excusing me, any conduct of the hearing in my absence is a violation of the WAC rules and DOC policy 460.000. More so I am

entitled due process for all allegations brought against me
under the Fourteenth Amendment of the United States
Constitution, the Washington State constitution, and the
general principal that state employees cannot make up
or fabricate charges and prosecute them internally or
externally. These are basic and fundamental human
rights.

CS Byrnes violated RCW 9A.80.010 by denying me the right
to represent myself competently and completely at a hearing.
Furthermore the action was taken under authority of
the state issued identification. Such action also invokes
Title 42 §1983 of the United States Code for civil
rights violations. Further action taken by CS Byrnes
against me must be presumed vindictive and retaliatory
as her actions violated policy, code, and law.

CO Rassier was present for the entire recorded hearing.
The recording will show that it is CS Byrnes who is not
in control, is disrupting her own hearing, and CS Byrnes who
asked questions but became volitile whenshe did not like
the answer. It was inmate Reed who remained calm,
and collected while insisting that due process be
reviewed and take place contrary to the demands of
CS Byrnes. CO Rassier thanked Mr. Reed for remaining
calm even though he was excused.

I certify under penalty of perjury that

that afore mentioned statements are a true recollection
of the events that transpired on February 22,
2012 at the hearing before CS3 Donna Byrnes,
and CO Russier.

Matthew Reed, DOC# 339765

I, Rachael Shook, a notary public
certify that Matthew Reed appeared before
me on 3-6-12 and signed this
document in my presence.

Notary Public
Exp: 4/30/12

85

Attn: Superintendent Miller-Stout         Date: 3-6-12
Re: Major Infraction Appeals — Infraction Code 506
Infraction Date: 1/24/12         Hearing Date: 2-22-12
Hearings Officer: CS Donna Byrnes

I am appealing the finding of guilty for infraction code 506, threatening another with bodily harm as found by CS Byrnes on Feb 22, 2012. The infraction must be dismissed for failure to comply with DOC policy 460.000, AHCC policy 460.000, WAC 137-28-290, WAC 137-28-300, and failure to present sufficient evidence to support the finding. Furthermore the the infraction is founded on unconstitutional grounds that violate the First Amendment of the United States Constitution, the U.S. Supreme Court's ruling in Procunier v. Martinez (1974), and Title 42 §1983 of the United States Code.

CS Byrnes deliberately misrepresented facts of the hearing in claiming I was excused for behavioral issues. Point of fact is that it was Byrnes who had a fit for me calmly asking questions regarding the preparation of DOC 17-069, the infraction checklist, and its validity. The checklist form for this matter was prepared for a 606, possession of Tobacco, not the alleged 506 for threatening. This places the chain of evidence and the accuracy of the investigation into question. The accuracy of this information and the right to challenge it is part of Due Process that is protected by numerous codes, policies, laws, and constitutions. CS appears to believe that these protections and procedures can be dismissed at will and arbitrarily as suits her capricious application of process. Operations of this nature are an abuse of process, abuse of the individual, totally unprofessional, and a mockery of justice.

Further due process standards were violated when a hearing was not convened within seven working days of Jan. 24, 2012. Per DOC and AHCC policy 460.000 and WAC 137-28

-290 section 6, a hearing must be held within seven days unless a continuance is granted for good cause. No continuances were filed in this matter, particularly one allowing for a delay of 29 days. CS Byrnes never addressed this issue in her tirade to have me excused for raising issues of due process. This sloppy and inadequate review showing prejudice.

Per WAC 137-28-300(3) I shall be allowed to rebut all evidence presented against me. Per WAC 137-28-300(2), I must be present for all stages of the hearing. Per WAC 137-28-300 I am allowed to present evidence on my own behalf. CS Byrnes in a reckless display of unprofessional conduct denied all of these rights solely because she did not want to hear them. This is egregious and unsanctionable conduct in place purported to be governed by the rule of law. Asking for and exercising documented rights cannot connotate behavioral issues lest all rights of objection be obliterated.

Apart from CS Byrnes misconduct, the infraction itself is a violation of the U.S. Constitution's First Amendment which protects even ugly or hateful speech. The U.S. Supreme court has struck down any policy that is so vague it fairly invites prison officials and employees to apply their own personal prejudices and opinions as standards for mail censorship. Procunier v Martinez (1974). The court went to prohibit censorship for inflammatory political, racial, religous or other views or beliefs. This standard is particularly applicable to out bound mail in which both sender and recipient have a first amendment interest. DOC does not have a particular government interest in censoring my freedom of expression even if individually they find it repugnate or repulsive. It is inconsistent with the First amendment that an inmate be punished for expressing themselves, but this is exactly what CO Barker is attempting to do with this infraction.

If DOC wishes to consider the content of the email threatening, they need to be able to define a specific person to whom harm will occur; a specific physical harm communicated, and

show a viability to which it could be carried out, i.e. the real threat doctrine. No such harm can be articulated from the contents of the mail as it does not exist. Policy explicitly states harm must be directed toward another as opposed to self. The standard cannot be met for internal communications let alone outbound communication which must be held to a higher standard of censorship.

To the extent CO Barker wants to call the mail suicidal, he must defer to mental health for evaluation. No attempts at suicide or self-harm are documented and mental health cleared me.

CS Byrnes and CO Barker have violated my constitutional rights, the laws of Washington, DOC policy, and the mandates of the highest court in the land in an attempt to impose their own will and standard on me. Such action cannot be upheld without invoking the precedent of respondant superior to the violations.

This infraction must be dismissed with prejudice.

Submitted on March 7, 2012 by

*Matthew Reed*

Matthew Reed 339765


On March 08, 2012, Matthew Reed appeared personally before me and signed this document


*Rachael Shook*

Notary Public

RACHAEL SHOOK
COMMISSION EXPIRES
NOTARY
PUBLIC
4-30-12
STATE OF WASHINGTON

88